IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| SAGE INCOME LLC | ) Case No. 25-10713-KHT |
| EIN: 84-3211395, | ) Chapter 7 |
| | ) |
| Debtor. | ) |

**EX PARTE MOTION FOR ORDER AUTHORIZING
RULE 2004 EXAMINATIONS
(Interactive Brokers, LLC and Michael S. Cole)**

Jared Walters, chapter 7 trustee ("Trustee") for the above-captioned bankruptcy estate, for his Ex Parte Motion for Order Authorizing Rule 2004 Examinations of Interactive Brokers, LLC and Michael S. Cole) (this "Motion"), states as follows:

### I. BACKGROUND

1. On February 11, 2025 (the "Petition Date"), Sage Income LLC (the "Debtor") filed their voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case number 25-10713-KHT. *See* Dkt. #1.

2. The Trustee is the duly appointed chapter 7 trustee in the Debtor's bankruptcy case.

3. Before the Petition Date, the Debtor operated as a private investment fund, formed in 2019 to develop and utilize a proprietary financial tool to analyze and effectuate trades of stocks and commodities futures contracts. The Debtor raised capital investments from third parties through interest bearing promissory notes and invested those funds in stocks and other investment vehicles through a trading platform at Interactive Brokers, LLC ("Interactive Brokers").

4. The Debtor's promotional materialized advertised "two to six times the average annual returns of the major US stock market indexes" and the unsecured notes issued by the Debtor promised annual returns of 10% to 13.5% simple interest over periods of two to four years. The Debtor also raised money through "business loan contract(s)" promising 15% annual interest. The Debtor's president and chief executive officer, Michael S. Cole, is a radiologist by training and he represented that he had experience developing "self-adjusting investment algorithms" for use in financial technology hedge funds. Mr. Cole previously was the principal of Cole Capital, LLC, a Colorado limited liability company formed in 2016 and voluntarily dissolved in 2017.

5. The Trustee is investigating the Debtor's transactions before the Petition Date to assess potential asset recovery and avoidance claims. The Trustee accordingly seeks authority to serve subpoenas on Interactive Brokers and Mr. Cole to obtain documents related to transactions before the Petition Date. The documents are relevant to the Debtor's financial condition and administration of the estate. The Trustee intends to convene depositions only as deemed necessary after review of the documents produced.

## II. ARGUMENT AND AUTHORITY

6. Fed. R. Bankr. P. 2004(a) provides that on "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(b) states that the examination may relate to, among other things, "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(c) also permits a party to serve related discovery, including, but not limited to, requests for the production of documents. Fed. R. Bankr. P. 2004(d) provides that the Court may, for cause shown and on terms as it may impose, order any entity

having information concerning the Debtor to be examined at any time or place that they designate, whether within or without the district that the case is pending.

7. The scope of a Rule 2004 examination is "unfettered and broad," as the text of the rule suggests. *In re Bazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998). The scope of a Rule 2004 examination is significantly broader than the scope of discovery under Federal Rule of Civil Procedure 26. *See, e.g.*, *Moore v. Lang (In re Lang)*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). Indeed, discovery under Rule 2004 is fundamental to the investigative process in bankruptcy and therefore permissibly broad. *See, e.g.*, *2435 Plainfield Ave., Inc. v. Twp. Of Scotch Plains (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (describing a Rule 2004 examination as a "broad fishing expedition"); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (acknowledging that a Rule 2004 examination of witnesses having knowledge of the debtor's acts, conduct, liabilities, and assets is proper and that the inquiry may cut a broad swath through the debtor's affairs).

8. Examinations under Rule 2004(a) and (c) may include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the Debtor, and any matter which may affect administration of the estate. "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd on other grounds* 17 F.3d 600 (2d Cir. 1994).

9. Rule 2004 motions may be granted ex parte. *See* L.B.R. 2004-1(a).

10. The Trustee seeks authority to examine and issue subpoenas *duces tecum* to the Title Company Examinees. The documents sought are generally identified in the attached **Exhibit A**, which will be served with the Rule 2004 subpoenas that the Trustee seeks authority

to issue. The information and documents sought relate to the Debtor's assets, financial affairs and financial condition, and property of the Debtor, within the scope of Rule 2004.

11. Once authorized, the Trustee will subpoena the documents for production at the offices of Ballard Spahr LLP, 1800 Larimer Street, Suite 1600, Denver, Colorado 80202-5596, or at a location authorized and required by the rules, at a time mutually agreed upon by the parties. The Trustee will conduct a further examinations of witnesses as deemed necessary, at a mutually agreed upon time and location in compliance with federal and local bankruptcy rules.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting this Motion, authorizing him to examine Interactive Brokers, LLC and Michael S. Cole under oath, and to subpoena them for the production of documents as allowed by Rule 2004 of the Bankruptcy Code.

Dated: November 3, 2025. **BALLARD SPAHR LLP**

By: */s/ Theodore J. Hartl*
Theodore J. Hartl, #32409
1800 Larimer Street Suite 1600
Denver, CO 80202-5596
Direct 303.454.0528
hartlt@ballardspahr.com

*Counsel for Jared Walters, as Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 3, 2025, true and correct copies of the foregoing **EX PARTE MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS (Interactive Brokers, LLC and Michael S. Cole)** were served via electronically via the Court's CM/ECF notice system to all parties of record.

                                                  */s/ Theodore J. Hartl*